IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JEROME VINCENT, JOHNSON** | : | **CIVIL ACTION** |
| Plaintiff | : | |
| | : | |
| v. | : | NO. 07-2335 |
| | : | |
| **DELAWARE COUNTY,** | : | |
| **JUDGE DOZOR, JUDGE KELLER,** | : | |
| **DISTRICT ATTORNEY OFFICE,** | : | |
| **Defendants** | : | |

**M E M O R A N D U M**

**STENGEL, J.**                                                                                                  June   30, 2008

      Jerome Vincent Johnson filed this *pro se* action presumably pursuant to 42 U.S.C. § 1983 against Delaware County, Judge Dozor, Judge Keller, and the District Attorney's Office.[1]  The one sentence complaint alleges that "On July 03 case was settled with full settlement, which included nolle pros (not to prosecute) and the defendants did continue to prosecute with parole which I'm still on. . ."  Mr. Johnson seeks monetary relief in an amount to exceed $10 million.  The defendants have filed motions to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, or in the alternative, for a more definite statement pursuant to Rule 12(e) of the Federal Rules of Civil Procedure.  For the following reasons, I will grant the motions in part and deny them in part.

      Under Rule 12(b)(6), a party may move to dismiss a pleading for "failure to state a claim upon which relief can be granted."  The rule is designed to screen out cases where

---

[1] Because it is not a separate legal entity and cannot be sued, I will dismiss the District Attorney's Office as a defendant in this case.  See 53 P.S. § 16257.

"a complaint states a claim based upon a wrong for which there is clearly no remedy, or a claim which the plaintiff is without right or power to assert and for which no relief could possibly be granted." Port Auth. v. Arcadian Corp., 189 F.3d 305, 311-312 (3d Cir. 1999).  Under Rule 12(b)(6), a pleading should not be dismissed for failure to state a claim unless it appears beyond doubt that the non-moving party can prove no set of facts in support of its claim which would entitle it to relief.  Conley v. Gibson, 355 U.S. 41, 45-46 (1957).  The issue, therefore, is not whether the non-moving party will ultimately prevail, but whether it is entitled to offer evidence to support its claims.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); see also Maio v. Aetna, Inc., 221 F.3d 472, 482 (3d Cir. 2000).

In considering whether a pleading should be dismissed for failure to state a claim upon which relief can be granted, a court must consider only those facts alleged in the pleading and accept all of the allegations as true, drawing all reasonable inferences in favor of the non-moving party.  ALA v. CCAIR, Inc., 29 F.3d 855, 859 (3d Cir. 1994); see also Lum v. Bank of America, 361 F.3d 217, 222 (3d Cir. 2004) (in deciding motions pursuant to Rule 12(b)(6), courts generally consider only allegations in the pleading, exhibits attached to the pleading, matters of public record, and documents that form the basis of a claim).

Because Mr. Johnson is proceeding *pro se*, his complaint should be construed liberally.  See Hartmann v. Carroll, 492 F.3d 478, 482 n.8 (3d Cir. 2007).  I am obligated

to construe all the allegations in such a complaint in favor of the *pro se* litigant.  Gibbs v. Roman, 116 F.3d 83, 86 (3d Cir. 1997).  However, in order to comply with Rule 8 of the Federal Rules of Civil Procedure, a complaint must contain at least a modicum of factual specificity, identifying the particular conduct of the defendant that is alleged to have harmed the plaintiff, so that the court can determine that the complaint is not frivolous and a defendant has an adequate notice to frame an answer."  Frazier v. SEPTA, 785 F.2d 65, 68 (3d Cir. 1986).  Moreover, courts must "apply the applicable law, irrespective of whether [the] litigant has mentioned it by name."  Higgins v. Beyer, 293 F.3d 683, 688 (3d Cir. 2002).  Thus, Mr. Johnson's complaint, however inartfully pleaded, must be held to a less stringent standard than a formal pleading drafted by a lawyer.  Estelle v. Gamble, 429 U.S. 97, 106 (1976) (citations and quotations omitted).

As the complaint stands now, it is woefully deficient.  It does not provide a clear statement of what occurred or the identify of the persons who participated in the alleged wrong.  There is no documentation of what actually occurred in July 2003 that gave rise to this action.  It would be impossible for Defendant Delaware County to frame an answer based on the information found in this complaint.

However, rather than dismissing the complaint in its entirety, a court may, under Rule 12(e) of the Federal Rules of Civil Procedure, grant a motion for a more definite statement if "a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading. . . ."

FED.R.CIV.P. 12(e).  Accordingly, I will grant the defendant's motion insofar as it seeks a more definite statement.  Mr. Johnson shall file that statement within twenty (20) days such that Defendant Delaware County might prepare a defense to the allegations therein.  This pleading should include a clear and factual statement of the basics of what occurred to prompt this cause of action and when it occurred; and the identify of those who participated in the alleged violations.

Finally, Mr. Johnson's claim for damages against Judge Dozor and Judge Keller would be barred by the doctrine of judicial immunity.  Judges are absolutely immune from suits for damages under 42 U.S.C. § 1983 when they act in a judicial capacity.  See Stump v. Sparkman, 435 U.S. 349, 356-57 (1978) ("A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction'").  Because the acts of which Mr. Johnson complains, i.e., continuing to prosecute with parole after his case was "settled with full settlement," were all allegedly performed by Judge Dozor and Judge Keller in their official capacity and within their jurisdiction, they are entitled to judicial immunity.  See Gallas v. Supreme Court of Pennsylvania, 211 F.3d 760, 768-69 (3d Cir. 2000).  These were judicial acts normally performed by a judge, and were not issued in the clear absence of all jurisdiction.  Thus, I will grant the defendants' motion to dismiss the allegations against Judge Dozor and Judge Keller.  An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JEROME VINCENT, JOHNSON** | : | **CIVIL ACTION** |
| Plaintiff | : | |
| | : | |
| v. | : | NO. 07-2335 |
| | : | |
| **DELAWARE COUNTY,** | : | |
| **JUDGE DOZOR, JUDGE KELLER,** | : | |
| **DISTRICT ATTORNEY OFFICE,** | : | |
| Defendants | : | |

**O R D E R**

**STENGEL, J.**

      **AND NOW,** this 30th day of June, 2008, upon consideration of the defendants' uncontested motions to dismiss (Document #8, #10, and #12), IT IS HEREBY ORDERED that:

1.     The motion of the Delaware County District Attorney's Office (Document #8) is GRANTED. The Delaware County District Attorney's Office is DISMISSED as a defendant in this case with prejudice.

2.     The motion of Defendant Delaware County (Document #10) is GRANTED in part and DENIED in part. The defendant's motion insofar as it seeks a more definite statement pursuant to Rule 12(e) of the Federal Rules of Civil Procedure is GRANTED. The plaintiff is granted leave to file a more definite statement of the case against Defendant Delaware County. This action will be dismissed if no amended complaint is filed within twenty (20) days of the date of this Order.

3.     The motion to dismiss of Defendants Judge Dozor and Judge Keller (Document #12) is GRANTED. Judge Dozor and Judge Keller are DISMISSED as defendants in this case with prejudice.

                                          BY THE COURT:

                                           /s/ Lawrence F. Stengel
                                          LAWRENCE F. STENGEL, J.